STEVEN G. ZIEFF (State Bar No. 84222)
KENNETH J. SUGARMAN (State Bar No. 195059)
JOHN T. MULLAN (State Bar No. 221149)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
sgz@rezlaw.com
kjs@rezlaw.com
jtm@rezlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| EUNICE LEE, and SUSAN MONTEGNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.<br><br>Defendant.<br>_____ / | **Case No. 09-04022 (JSW)**<br><br>**CLASS ACTION**<br><br>**AMENDED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER: (1) PROVISIONALLY CERTIFYING SETTLEMENT CLASS; (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PLAN OF DISTRIBUTION; (3) DIRECTING DISTRIBUTION OF NOTICE OF THE SETTLEMENT; AND (4) SETTING A SCHEDULE FOR THE FINAL SETTLEMENT APPROVAL PROCESS** AS MODIFIED HEREIN<br>Before: Honorable Jeffrey S. White<br><br>Complaint Filed: July 28, 2009 |

WHEREAS, the motion of Plaintiff Susan Montegna for provisional class certification, preliminary approval of settlement, approval of the form and manner of notice to the class, and other matters came under this Court's consideration on September 3, 2010;

1

WHEREAS, Plaintiff has alleged claims against Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") on behalf of herself, and all other Salon Managers who worked for Ulta and who held the title Salon Manager in California at any time from July 28, 2005 to March 27, 2009;

WHEREAS, Plaintiffs asserts claims for 1) Violations of California Overtime Wage Provisions; (2) California Waiting Period Penalties; (3) Violations of California Record-Keeping Provisions; (4) Violations of California Meal and Rest Period Provisions; (5) Violations of the California Unfair Competition Law; and (7) Labor Code Private Attorneys General Act penalties;

WHEREAS, Ulta expressly denies the allegations of wrongdoing and violations of law alleged in this Action, and further denies liability whatsoever to Plaintiff, or to the Settlement Class Members;

WHEREAS, Class Counsel have engaged in extensive discussions and negotiations with Defendant and its counsel concerning a resolution of the issues raised in this Action, including a mediation session which was conducted under the auspices of mediator Jeffrey Ross; and

WHEREAS, the parties have proposed a settlement of the Action intended to resolve the wage claims at issue in this lawsuit, the terms of which are embodied in the Joint Stipulation of Settlement and Release (the "Agreement") attached hereto as Exhibit 1.

**IT IS HEREBY ORDERED**:

1. To the extent defined in the Stipulation of Settlement and Release (the "Agreement") attached hereto as Exhibit 1 and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court finds that provisional certification of the proposed Settlement Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law:

**Settlement Class**: All California employees of Ulta Salons, Cosmetics & Fragrance, Inc. or its predecessors who were assigned to Ulta Salons, Cosmetics & Fragrance, Inc. stores and who held the position of "Salon Manager" during the period from July 28, 2005 to March 27, 2009; the date when Defendant reclassified its Salon Managers as non-exempt employees ("Class Period").

3. The Settlement Class, consisting of approximately 52 Class Members, is sufficiently numerous that joinder is not practicable.

4. The proposed class members' claims all stem from the same source – their employment as Salon Managers, their classification as exempt employees, and their non-receipt of overtime wages for their overtime hours worked – and there are questions of law and fact common to the members of the Settlement Class. The questions of law and fact common to the members of the Settlement Class include:

- Whether Ulta's policy and practice of classifying the Settlement Class Members as exempt from overtime entitlement and failing to pay overtime to the Settlement Class Members violates applicable California law, including applicable statutory and regulatory authority; and

- Whether Ulta unlawfully failed to pay compensation to Settlement Class members for missed meal and rest periods in violation of the UCL and applicable California wage and hour laws; and

- Whether Ulta unlawfully failed to keep and furnish Settlement Class members with records of hours worked, in violation of applicable law.

As the Plaintiffs need only establish one common question of law or fact in order to meet the low threshold set by Rule 23(a)(2), Plaintiffs' above showing of common issues satisfies what is required.

5. The named Plaintiff's claims are typical of those of the Class that she seeks to represent. Plaintiff Susan Montegna's claims are typical of those of the Settlement Class because they all arise out of Ulta's former uniform policy of classifying Salon Managers as exempt, and of refusing to pay Salon Managers overtime compensation for overtime hours worked.

6. The proposed Class Representative will fairly and adequately protect the interests of the Settlement Class. She has retained counsel who have the experience and resources necessary to provide adequate representation of the Classes and meet the requirements of Rule 23(g)(1).

///

///

///

7. The Court hereby approves Plaintiff Susan Montegna as representative of the Settlement Class, and appoints as Class Counsel, the law firm of Rudy, Exelrod, Zieff & Lowe, LLP and all attorneys associated with that firm.

8. Pursuant to the parties' separate stipulation (filed simultaneously herewith) providing for the binding arbitration of Eunice Lee's individual claims, Ms. Lee individual claims are hereby dismissed with prejudice subject to the Court's approval of that stipulation.

9. Plaintiffs' class allegations on behalf of Ulta General Managers are dismissed without prejudice subject to the Court's approval of the Stipulation mentioned in paragraph 8 hereinabove.

10. The Court hereby appoints Simpluris, Inc. as the Settlement Administrator and preliminarily approves Settlement Administration Costs payable to the Settlement Administrator pursuant to Paragraph 14 of the Agreement, estimated to be no more than $20,000.

11. Subject to the receipt and consideration by the Court of any objections to or comments on the Agreement at the hearing described in Paragraph 15 of this Order, the Court finds the Agreement and all of its terms to be fair, just, equitable, and in the best interests of the members of the Settlement Class. The proposed Settlement falls within the range of possible Settlement approval, was negotiated at arms length, and is worthy of being presented to the Class Members for their comments. The Court hereby preliminarily approves the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure, ~~including preliminarily approving its provision for service payment to the Class Representative in the amount of $7,500. However, subject to the receipt and consideration by the Court of any objections to or comments on the Agreement at the hearing described in Paragraph 15 of this Order~~, the service payment to the Class Representative in the amount of $7,500 is subject to ~~further~~ Court review and Court approval.

12. By no later than September 23, ~~2009~~ 2010, the Settlement Administrator shall cause to be mailed by first class mail the Notice of Proposed Class Action Settlement and Settlement Hearing (the "Class Notice") in substantially the form attached as Exhibit 1 to the Joint Response

4
[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL
CASE NO. 09-04022 (JSW)

to the Court's Questions re: Plaintiffs' Motion for Preliminary Approval, to the current or last known address of each Settlement Class Member.

13. The Class Notice given in compliance with the provisions set forth in Paragraph 12 above is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice, in full compliance with the requirements of Rule 23(3) of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

14. All reasonable costs incurred in identifying and notifying Class Members, as well as administering the Settlement, shall be paid as set forth in the Settlement Agreement.

15. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Settlement Hearing") shall be held on December 17, 2010, at 9:00 a.m., before the Honorable Jeffrey S. White, United States District Judge of the United States District Court for the Northern District of California, San Francisco/Oakland Division, in Courtroom 11 at 450 Golden Gate Ave., San Francisco, California to determine the fairness, reasonableness, and adequacy of the proposed Settlement, including its provision for payment to named Plaintiff Susan Montegna, and whether it should be ~~finally~~ approved, and to consider the motion of Class Counsel for attorneys' fees, costs, and expenses.

16. Members of the Settlement Class who do not opt-out of the Class by ~~November 7, 2010~~ Monday, November 8, 2010 will be deemed to be a Class Member and will be bound by the terms of the Settlement unless otherwise ordered by the Court.

17. Members of the Settlement Class who wish to challenge the employment dates and/or the average weekly salary used to calculate their share of the Settlement must provide written evidence to support their challenge to the Settlement Administrator postmarked by Monday, November 8, 2010 ~~November 7, 2010~~. The Settlement Administrator will have full discretion to resolve any such disputes in accordance with the terms spelled out in the Notice of Class Action Settlement.

18. No Class Member shall be heard in opposition to the proposed Settlement, or, if approved, the judgments and other orders to be entered thereon, to the requested award of attorneys' fees, costs, and expenses, or to the requested payment to the Named Plaintiff, and no

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

5
[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL
CASE NO. 09-04022 (JSW)

1  papers or briefs submitted by any such person shall be accepted or considered by the Court
2  unless, on or before November 26, 2010, such person has filed with the Settlement Administrator
3  a written statement that indicates the specific basis for such person's objections, along with any
4  supporting documentation.

5    19.  On or before November 12, 2010, Class Counsel shall file with the Court and
6  serve on all parties their motion for attorneys' fees, costs, and expenses, and all papers in support
7  thereof, to be heard concurrently with the final approval hearing referenced in Paragraph 15.

8    20.  On or before November 12, 2010, Plaintiffs shall file a motion for Final Approval
9  of Settlement and Dismissal of Action.  Any timely objections received after Plaintiffs file their
10 motion for Final Approval of Settlement and Dismissal of Action may be addressed in the Reply
11 papers.

12   21.  Any Class Member who has met the requirements of paragraph 18 herein, or his
13 or her representative, may appear at the Settlement Hearing in person or by telephone, and be
14 heard to the extent allowed by the Court in support of, or in opposition to, the fairness,
15 reasonableness and adequacy of the proposed Settlement, the requested award of attorneys' fees,
16 costs, and expenses, and the requested payment to Named Plaintiff, Susan Montegna.  Any Class
17 Member who does not make his or her objections as required by Paragraph 18 herein shall be
18 deemed to have waived such objections and shall forever be foreclosed from making any
19 objection to the fairness, reasonableness, and adequacy of the proposed Settlement, the requested
20 award of attorneys' fees and costs, and the requested payment to Named Plaintiff, Susan
21 Montegna unless otherwise ordered by the Court.

22   22.  The Court expressly reserves its right to continue the Settlement Hearing from
23 time to time without further direct notice to the Class.

24   23.  Non-substantive amendments may be made to the Agreement or Class Notice
25 form upon written agreement of the Class Counsel and counsel for Ulta.

26 ///
27 ///
28 ///

The hearing set for September 3, 2010 at 9:00 a.m. is VACATED.

**IT IS SO ORDERED**.

Dated: August 27, 2010

*Jeffrey S. White*
Honorable Jeffrey S. White
United States District Judge