STEVEN G. ZIEFF (State Bar No. 84222)
KENNETH J. SUGARMAN (State Bar No. 195059)
JOHN T. MULLAN (State Bar No. 221149)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
sgz@rezlaw.com
kjs@rezlaw.com
jtm@rezlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| EUNICE LEE, and SUSAN MONTEGNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.<br><br>Defendant.<br><br>_____/ | **Case No. 09-04022 (JSW)**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER: (1) FINALLY APPROVING CLASS ACTION SETTLEMENT AND PLAN OF DISTRIBUTION; (2) ENTERING FINAL JUDGMENT; (3) APPROVING SERVICE PAYMENT TO NAMED PLAINTIFFS; (4) APPROVING THE PAYMENT OF REASONABLE COSTS OF ADMINISTRATION; AND (5) RESERVING JURISDICTION. AND JUDGMENT**<br>Date: December 17, 2010<br>Time: 9 A.M.<br>Courtroom: 11<br><br>Before: Honorable Jeffrey S. White<br><br>Complaint Filed: July 28, 2009 |

This matter came on for hearing on December 17, 2010, upon Plaintiffs' Motion for final approval of the proposed settlement of this action on the terms set forth in the Joint Stipulation of Settlement and Release (the "Agreement") and Amendment to the Joint Stipulation of Settlement and Release attached hereto as Exhibits 1 & 2. Due and adequate notice having been given to the members of the settlement Class, and the Court having considered the Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in this action ("the Action"), and good cause appearing, finds that:

WHEREAS, Plaintiff has alleged claims against Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") on behalf of herself and all individuals who worked for Ulta and who held the title Salon Manager in California at any time from July 28, 2005 to March 27, 2009;

WHEREAS, Plaintiff asserts claims for 1) Violations of California Overtime Wage Provisions; (2) California Waiting Period Penalties; (3) Violations of California Record-Keeping Provisions; (4) Violations of California Meal and Rest Period Provisions; (5) Violations of the California Unfair Competition Law; and (7) Labor Code Private Attorneys General Act penalties;

WHEREAS, Ulta expressly denies the allegations of wrongdoing and violations of law alleged in this Action; claims that it always properly classified and compensated its employees; and further denies any liability whatsoever to Plaintiffs or to the Class Members;

WHEREAS, without admitting any liability, claim or defense the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty and business disruption of ongoing litigation;

WHEREAS, this Court granted preliminary approval of the parties' Agreement in this Action on August 27, 2010 ("Preliminary Approval Order");

WHEREAS, this Court previously dismissed without prejudice Plaintiffs' class allegations on behalf of Ulta General Managers, and dismissed with prejudice former Named Plaintiff, Eunice Lee's individual claims;

WHEREAS, notice to the Class members was sent in accordance with the Preliminary Approval Order; and

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

WHEREAS, a fairness hearing on the proposed Settlement having been duly held and a decision reached;

NOW, therefore, the Court grants final approval of the Settlement, and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      To the extent defined in the Stipulation of Settlement and Release (the "Agreement"), attached hereto as Exhibit 1 and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.  In addition, a copy of the fully-executed Amendment to the Settlement is attached hereto as Exhibit 2.

2.      The Court has jurisdiction over the subject matter of this action, the Defendant Ulta, and the Class.

3.      The Court has determined that the notice given to the Class fully and accurately informed all persons in the Class of all material elements of the proposed Settlement --- including the plan of distribution of the Settlement Payment, the application for service award to the Named Plaintiff and the application for an attorneys' fees award to Class Counsel ---, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

4.      The Court hereby grants final approval of the Settlement and Agreement as fair, reasonable and adequate in all respects to the Class members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the parties to consummate the Settlement in accordance with the terms of the Agreement.

5.      The plan of distribution as set forth in the Agreement providing for the distribution of the Net Settlement Fund to Class members is approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      As previously held in the Court's Order Granting Preliminary Approval, this Plaintiffs' class allegations on behalf of Ulta General Managers are dismissed without prejudice, and former Named Plaintiff, Eunice Lee's individual claims are dismissed with prejudice to be

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

[P]ROPOSED ORDER GRANTING FINAL APPROVAL
CASE NO. 09-04022 (JSW)

arbitrated pursuant to the terms of the separate stipulation providing for the binding arbitration of Eunice Lee's individual claims.

7.       As previously held in the Court's Order Granting Preliminary Approval, the Settlement Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

> Settlement Class:  All California employees of Ulta Salons, Cosmetics & Fragrance, Inc. or its predecessors who were assigned to Ulta Salons, Cosmetics & Fragrance, Inc. stores and who held the position of "Salon Manager" during the period from July 28, 2005 to March 27, 2009; the date when Defendant reclassified its Salon Managers as non-exempt employees ("Class Period").

8.       The Settlement Class, consisting of approximately 56 Class Members, is sufficiently numerous that joinder is not practicable.

9.       The proposed class members' claims all stem from the same source – their employment as Salon Managers, their classification as exempt employees, and their non-receipt of overtime wages for their overtime hours worked – and there are questions of law and fact common to the members of the Settlement Class.  The questions of law and fact common to the members of the Settlement Class include:

- Whether Ulta's policy and practice of classifying the Settlement Class Members as exempt from overtime entitlement and failing to pay overtime to the Settlement Class Members violates applicable California law, including applicable statutory and regulatory authority; and

- Whether Ulta unlawfully failed to pay compensation to Settlement Class members for missed meal and rest periods in violation of the UCL and applicable California wage and hour laws; and

- Whether Ulta unlawfully failed to keep and furnish Settlement Class members with records of hours worked, in violation of applicable law.

As the Plaintiffs need only establish one common question of law or fact in order to meet the low threshold set by Rule 23(a)(2), as previously held in the Court's Order granting Preliminary Approval, Plaintiffs' above showing of common issues satisfies what is required.

10.      The named Plaintiff's claims are typical of those of the Class that she seeks to represent.  Plaintiff Susan Montegna's claims are typical of those of the Settlement Class because

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

[P]ROPOSED ORDER GRANTING FINAL APPROVAL
CASE NO. 09-04022 (JSW)

they all arise out of Ulta's former uniform policy of classifying Salon Managers as exempt, and of refusing to pay Salon Managers overtime compensation for overtime hours worked.

11.    The proposed Class Representative has fairly and adequately protected the interests of the Settlement Class. She has retained counsel who have the experience and resources necessary to provide adequate representation of the Classes and meet the requirements of Rule 23(g)(1).

12.    As previously held in the Court's Order Granting Preliminary Approval, the Court appoints as Class Counsel, the law firm of Rudy, Exelrod, Zieff & Lowe, LLP.

13.    The Court approves the payment of reasonable settlement administration costs to the Settlement Administrator, Simpluris, Inc., in an amount up to $20,000.

14.    The Court approves an award to Named Plaintiff Susan Montegna, on account of her service to the Class, in the amount of $7,500, which shall be paid from, and not in addition to, the Settlement Payment.

15.    The Court hereby approves the payment of $18,750 from, and not in addition to, the Settlement Payment to the California Labor and Workforce Development Agency ("LWDA") as its share of the $25,000 of the Total Settlement Payment which is for settlement of PAGA claims.

16.    Except with regard to the class allegations on behalf of Ulta General Managers which are dismissed without prejudice (see *supra* ¶ 6), the Court hereby dismisses this Action with prejudice, with each party to bear his, her or its own costs and attorneys' fees, except as provided in the Agreement and as set forth above in this Order and as set forth in any Order issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings shall take place concurrently with the hearing for this Order. Without affecting the finality of this Final Judgment and Order, the Court reserves exclusive and continuing jurisdiction over the Action, the Named Plaintiff Susan Montegna, the Settlement Class, and the Defendant Ulta for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Preliminary Approval Order, the distribution of the Settlement Payment, the Final Judgment, and this Order; and (b) hearing and determining the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings shall take place concurrently with the hearing for this Order.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

[P]ROPOSED ORDER GRANTING FINAL APPROVAL

17.     Upon entry of this Final Judgment and Order, and by operation of this Final Judgment and Order, the claims of each Settlement Class member against Ulta, and against any and all of the Releasees as defined in the Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Agreement.

18.     By operation of this Final Judgment and Order, all members of the Settlement Class are hereby forever barred and enjoined from prosecuting the released claims against any of the Releasees as defined in the Agreement.

19.     Each member of the Settlement Class is bound by this Final Judgment and Order, including, without limitation, the release of claims as set forth in the Agreement.

20.     This Final Judgment and Order and the Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Ulta of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

21.     In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement, and each party shall retain his, her or its rights to move for or oppose certification of the Class.

22.     The Court finds that there is no just reason for delay of entry of this Final Judgment and hereby directs its entry.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: <u>December 17, 2010</u>

_____
Honorable Jeffrey S. White
United States District Judge

[P]ROPOSED ORDER GRANTING FINAL APPROVAL
CASE NO. 09-04022 (JSW)

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

# EXHIBIT 1

STEVEN G. ZIEFF (State Bar No. 84222)
KENNETH J. SUGARMAN (State Bar No. 195059)
JOHN T. MULLAN (State Bar No. 221149)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513
sgz@rezlaw.com
kjs@rezlaw.com
jtm@rezlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| EUNICE LEE, and SUSAN MONTEGNA, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.<br><br>　　　　　　Defendant.<br>_____/ | Case No. 09-04022 (JSW)<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE**<br><br><br>Before: Honorable Jeffrey S. White<br><br>Complaint Filed: July 28, 2009 |

This Joint Stipulation of Settlement and Release between Plaintiffs and Defendant

(hereinafter "Stipulation of Settlement" or "Settlement") is made and entered into by and

between the parties to the following case before the Honorable Jeffrey S. White of the United

States District Court, Northern District of California entitled <u>Eunice Lee and Susan Montegna  v.</u>

<u>Ulta Salons, Cosmetics & Fragrance, Inc.</u>, Case No. 09-04022.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

This Settlement shall be binding on Plaintiff Susan Montegna, individually and on behalf of the alleged class of Salon Managers Ms. Montegna represents as described herein ("Plaintiffs"), and Defendant Ulta Salons, Cosmetics & Fragrance, Inc. ("Defendant") and also applies to Defendant's present and former parent companies, owners, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant, and its respective counsel, subject to the terms and conditions hereof and the approval of the Court.

THE PARTIES STIPULATE AND AGREE as follows:

1.     Plaintiffs and Defendant are collectively referred to herein as "the parties."

2.     On or about July 28, 2009, Plaintiffs filed a proposed Class Action Complaint in the San Mateo County Superior Court on behalf of themselves and all other employees similarly situated.  Defendant thereupon filed a Notice of Removal to the U.S. District Court, Northern District of California.  The case was assigned to the Honorable Jeffrey S. White.  On November 2, 2009, Plaintiffs filed their First Amended Complaint. The First Amended Complaint sought recovery of the following:  1) unpaid overtime wages, 2) unpaid meal period wages, 3) waiting time penalties, 4) itemized wage statement violations, 5) unlawful business practices, and 6) private attorneys general act penalties ("PAGA Claim").

3.     Defendant filed an Answer to Plaintiffs' Complaint on December 2, 2009, denying the allegations of the First Amended Complaint and asserting numerous affirmative defenses.

4.     At all times the Law Offices of Rudy, Exelrod, Zieff & Lowe, LLP (herein referred to as "Class Counsel") has been counsel of record for Plaintiffs.

5.     At all times Littler Mendelson has been counsel of record for Defendant.

6.     For purposes of this Settlement, the Settlement Class is defined as follows:  "All California employees of Ulta Salons, Cosmetics & Fragrance, Inc. or its predecessors who were assigned to Ulta Salons, Cosmetics & Fragrance, Inc. stores and who held the position of "Salon Manager" during the period from July 28, 2005 to March 27, 2009, the date when Defendant

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

2
JOINT STIPULATION OF SETTLEMENT
CASE NO. 09-04022 (JSW)

reclassified its Salon Managers as non-exempt employees ("Class Period").  Members of the class may be referred to herein as "Class Members."

7.    Named Plaintiff, Eunice Lee will seek to dismiss her individual claims with prejudice and the class allegations on behalf of Ulta General Managers without prejudice subject to Court approval and the execution of an agreement providing for the binding arbitration of Eunice Lee's individual claims.   The parties hereby stipulate and agree to arbitrate Ms. Lee's individual claims.[1]

8.    Solely for purposes of settling this case, the parties stipulate and agree that the requisites for establishing class certification with respect to the Settlement Class have been met and are met.  More specifically, the parties stipulate and agree that, for purposes of a settlement class action only:

a.    The Settlement Class is so numerous as to make it impracticable to join all Class Members.  There is an ascertainable Settlement Class.

b.    There are common questions of law and fact including, but not limited to, the following:

i.    Whether or not Salon Managers were properly classified as exempt from overtime;

ii.    Whether or not they worked overtime;

iii.    Whether or not they received meal periods;

iv.    Whether or not they are entitled to waiting time penalties;

v.    Whether or not their paycheck stubs complied with Labor Code section 226;

vi.    Whether any of Defendant's conduct constituted an unfair business practice within the meaning of California Business & Professions Code § 17200;

vii.    Whether Class Members are entitled to recover PAGA penalties

---

[1] The parties will execute a stipulation providing for the binding arbitration of Eunice Lee's individual claims.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

with respect to Defendant's alleged failure to pay overtime, provide meal periods, provide compliant paycheck stubs and timely paid out final wages.

c.    Named Plaintiff Susan Montegna's claims are typical of the claims of the members of the Settlement Class.

d.    Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

e.    The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

f.    Questions of law and fact common to Class Members predominate over any questions affecting any individual Class Member, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

9.    Defendant denies any liability or wrongdoing of any kind whatsoever associated with the claims alleged in Plaintiffs' First Amended Complaint, and further denies that, for any purpose other than the settlement of this lawsuit, this action is appropriate for class or representative treatment.

a.    With respect to the claim for overtime, Defendant contends that the Salon Managers met all requirements to be classified as exempt employees during the Class Period as they were in charge of a department, supervised more than two employees, made hiring and firing recommendations that were typically followed, exercised discretion and judgment in carrying out their job duties, were paid more than the statutory minimum and spent more than 50% of their time carrying out exempt job duties. Plaintiffs, on the other hand, contend that the Salon Managers spent more than 50% of their time carrying out non-exempt job duties, that they did not exercise discretion and judgment in carrying out their job duties, and that they did not meet the other requisites for establishing any exemption from

4

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

California's overtime pay requirements.

b.      With respect to the meal period claim, Defendant contends that as exempt employees, Salon Managers were not required to receive meal periods and as such no damages can be awarded under the Labor Code, but that in any event Salon Managers were provided with the opportunity to take meal periods.  Plaintiffs, on the other hand, contend that the Salon Managers were non-exempt, and therefore entitled to meal periods and that they were not provided with meal periods within the meaning of the law.

c.      With respect to the Labor Code section 203 claim Defendant contends that it did not violate the statute because all wages were timely paid out at the time of termination for all terminated Salon Managers.  Plaintiffs, on the other hand, contend that, since overtime and meal period wages are owed, all wages were not timely paid out to terminated Salon Managers.

d.      With respect to the Labor Code section 226 claim, Defendant contends that its paycheck stubs were compliant during the Class Period because the Salon Managers were properly classified as exempt employees.  Plaintiffs, on the other hand, contend that the hours of work and pay rate information was deficient because, among other reasons, Salon Managers were not exempt and because total hours worked, missed meal periods, and applicable pay rates, including overtime and overtime, were not listed.

e.      With respect to the unfair business practices claim, Defendant contends that since the Salon Managers were properly classified as exempt employees, no unfair business practice occurred.  Plaintiffs, on the other hand, contend that the Salon Managers were not properly classified as exempt, and that the failure to pay them overtime wages and wages for meal periods that were not provided are unfair business practices within the meaning of California Business & Professions Code § 17200.

f.      With respect to the PAGA claim, Defendant contends that it committed no

5

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

violations of the Labor Code and, as such, no penalties are owed. Plaintiffs, on the other hand, believe that Labor Code violations occurred and that Class Members are entitled to recover penalties.

10.     It is the desire of the parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the claims alleged in the First Amended Complaint on behalf of Salon Managers, as well as any claims that could have been brought based on the facts alleged in the First Amended Complaint on behalf of Salon Managers.

11.     It is the intention of the parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims raised in the First Amended Complaint against Defendant on behalf of Salon Managers or that could have been brought based on the facts alleged in the First Amended Complaint on behalf of Salon Managers, which release includes in its effect all present and former parent companies, owners, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of Defendant, and any individual or entity which could be jointly liable with Defendant. Other than the aforementioned claims, no claims are being released by Class Members, except named Plaintiff Susan Montegna, as described below.

12.     Class Counsel has conducted a thorough investigation into the facts of this class action case and has diligently pursued an investigation of Class Members' claims against Defendant. This investigation included, but was not limited to, reviewing voluminous relevant documents, receiving contact information for the Class Members, and interviewing many of them with respect to their job duties and hours, and engaging an expert to review payroll information and prepare damages estimates based on the same. Based on its independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable and adequate, and is in the best interest of Class Members in light of all known facts and circumstances, including the risk of significant delay, the risk that a class would not be certified by the Court for trial, defenses asserted by Defendant, disputes about the number of hours Class Members worked, and numerous potential appellate issues. Defendant and Defendant's counsel

1   agree that the Settlement is in the best interest of judicial efficiency.

2       13.   The parties agree to cooperate and take all steps necessary and appropriate to

3   dismiss this case with prejudice upon Court approval of the Settlement.

4                              **TERMS OF SETTLEMENT**

5       14.   NOW THEREFORE, in consideration of the mutual covenants, promises and

6   agreements set forth herein, the parties agree, subject to the Court's approval, as follows:

7           a.   It is agreed by and among Plaintiffs and Defendant that this case and any claims,

8               damages, or causes of action arising out of the disputes which are the subject of

9               this case, be settled and compromised as between the Settlement Class and

10              Defendant, subject to the terms and conditions set forth in this Stipulation of

11              Settlement and the approval of this Court.

12          b.   Settlement Payment: Defendant agrees to pay One Million Four Hundred

13              Thousand Dollars ($1,400,000.00) ("Total Settlement Payment"), which shall

14              fully resolve and satisfy all claims for attorney's fees and costs, all payments to

15              Class Members provided for under this Settlement, service payment to the named

16              Plaintiff, Susan Montegna, and the costs of paying a third-party administrator to

17              administer the Settlement (the "Settlement Administrator"). It is understood and

18              agreed that Defendant's maximum total liability under this Settlement shall not

19              exceed the Total Settlement Payment, except for employer tax contributions that

20              Defendant is responsible for paying in connection with the portions of settlement

21              payments to Class Members under this Settlement that represent payments for

22              wages. There shall be no reversion of any part of the Total Settlement Payment.

23          c.   "Effective Date": The settlement embodied in this Stipulation of

24              Settlement shall become effective when all of the following events have occurred:

25              (i) this Stipulation of Settlement has been executed by all parties and by Class

26              Counsel and counsel for Defendant; (ii) the Court has given preliminary approval

27              to the settlement; (iii) notice has been given to the putative members of the

28              Settlement Class, providing them with an opportunity to opt out of or object to the

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

7

Settlement; (iv) the Court has held a final approval hearing and entered a final order and judgment certifying the Class, dismissing the Settlement Class action case with prejudice, and approving this Stipulation of Settlement; and (v) if there are no objections, then 30 days after entry of the final order; in the event there are written objections filed prior to the final approval hearing which are not later withdrawn, it will become final after the latest of the following events: if no appeal is filed, then 60 days after the entry of the final order; or, if an appeal is filed, upon the final dismissal of the appeal, writ or other appellate proceeding. The Parties' intention in defining the "Effective Date" in these terms is to have the Settlement become effective when settlement approval has become final in accordance with the terms of this paragraph.

d.      Net Settlement Fund:  The "Net Settlement Fund" shall be calculated by deducting from the Total Settlement Payment the sums set forth in Paragraph 16 as the anticipated payments under this Settlement for attorneys' fees (up to 25%, which is $350,000), costs (up to $15,000), a service payment to the named Plaintiff, Susan Montegna (up to $7,500.00), costs of settlement administration, which are estimated to be a maximum of $20,000, and $18,750, which will be paid to the California Labor and Workforce Development Agency ("LWDA") as its share of the $25,000 of the Total Settlement Payment which is for settlement of PAGA claims. ($18,750 is seventy-five percent of the $25,000 PAGA amount). Settlement awards to qualifying Class Members will be calculated by the Settlement Administrator, and paid out of the Net Settlement Fund as set forth below.  In the event the Court awards less than the fees, costs and service payments above, the difference shall be added to the Net Settlement Fund and distributed to the Class Members.

e.      Distribution of the Net Settlement Fund:  The Net Settlement Fund is estimated to be approximately $988,750 and shall be distributed in its entirety to qualifying Class Members as follows:

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

8

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

i.  <u>Settlement Awards Calculation:</u> The amount of the Net Settlement Fund less the $6,250 attributable to PAGA claims (that is, $982,500) shall be distributed in its entirety to non-opt out Class Members as described below ("Qualifying Class Members"). Qualifying Class Members' shares of the Net Settlement Fund, shall be calculated *pro rata* based on (a) the total number of workweeks worked by Qualifying Class One Members as Salon Managers during the Class Period and (b) the Average Weekly Salary of Qualifying Class Members during their period of employment as Salon Managers during the Class Period. (The Average Weekly Salary shall be the average of the Qualifying Class Member's full-weekly salary rate at the start of his or her employment as a Salon Manager during the Class Period and his or her full-weekly salary rate at the end of his or employment as a Salon Manager during the Class Period, unless the first and/or last full-weekly salary rates are outliers, in which case the closest representative full-weekly salary rate will be used.) For each Qualifying Class Member, the Settlement Administrator shall multiply the total number of workweeks worked by the Qualifying Class Member during the Class Period by the Qualifying Class Member's Average Weekly Salary to determine an "individual numerator" for the Qualifying Class Member. The sum of all Qualifying Class Members' individual numerators shall constitute the "class denominator." Each Qualifying Class Member's individual numerator will be divided by the class denominator to determine his or her *pro rata* share factor. Each Qualifying Class Member's share of the Net Settlement Fund shall then be computed by multiplying his or her *pro rata* share factor by the Net

9

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

Settlement Fund less the $6,250 attributable to PAGA claims (that is, $982,500).

ii.    Qualifying Class Members who worked as Salon Managers between July 28, 2008 and the end of the Class Period (that is, the PAGA Period), will each receive an additional lump sum payment as their share of the $6,250 of the Net Settlement Fund which is attributable to PAGA claims. The individual lump sum payments will be determined by dividing the $6,250 by the total number of Qualifying Class Members who worked as Salon Managers during the PAGA Period.

iii.    <u>Allocation of Settlement Awards and Computation of Employer Tax Payments:</u> Fifty percent of the monies paid out to Class Members from the Net Settlement Fund are considered wages and will be subject to tax withholdings. The other fifty percent shall be considered payment for all other damages, including interest and penalties. To the extent necessary, an IRS Form W-2 will be issued to each Class Member reflecting their payments for the wage payment portion and a Form 1099 will be issued for all other damages and interest. In addition to the Total Settlement Payment of $1,400,000, Defendant shall be responsible for paying the amounts of employer tax contributions (e.g., FICA, FUTA) for the portions of the payments to Class Members paid for wages ("Employer Tax Payments"). The amounts of the Employer Tax Payments shall be calculated by the Settlement Administrator.

iv.    <u>Settlement Awards Do Not Trigger Additional Benefits:</u> It is expressly understood and agreed that the receipt of settlement payments will not entitle any Class Member to additional compensation or benefits under any company bonus, contest or

10

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401k benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement that the settlement awards provided for in this Agreement are the sole payments to be made by Defendant to the Class Members, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the settlement payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

f.   Attorneys' Fees:  Subject to Court approval and/or modification, Defendant further agrees to pay attorneys' fees from the Total Settlement Payment as set forth in Paragraph 16 below.

g.   Costs:  Subject to Court approval, Defendant does not object to the payment of up to $15,000 from the Total Settlement Payment for costs and expenses incurred by Class Counsel in prosecuting this case. Should Class Counsel request a lesser amount and/or the Court approve a lesser amount, the difference shall be added to the Net Settlement Fund apportioned for payment to the Settlement Class. The costs will be paid in their entirety in the amount claimed and/or awarded to Class Counsel.

h.   Class Representative:  Subject to Court approval, Defendant does not object to the payment of not more than Seven Thousand, Five Hundred Dollars ($7,500) from the Total Settlement Payment to named plaintiff, Susan Montegna, as a service payment for her service as a Class Representative and as additional compensation for executing a general release. This payment is in addition to her share of the Net Settlement Fund. Defendant will issue an IRS Form 1099 for the

11

service payment to the named Class Representative for her service as a Class Representative, and the Class Representative will be responsible for correctly characterizing this compensation for tax purposes and for paying any taxes on the amount received. Should the Court approve a service payment to the Class Representative in an amount less than that set forth above, the difference shall be added to the Net Settlement Fund apportioned for payment to the Settlement Class and distributed to the Class Members accordingly.

i.  Settlement Administrator: The parties agree that the cost of the Settlement Administrator associated with the administration of this Settlement shall be taken from the Total Settlement Payment, and it is estimated that this will be a maximum of $20,000. In the event the actual amount for settlement administration is less, then the difference shall be added to the Net Settlement Fund apportioned for payment to the Settlement Class and distributed to the Class Members accordingly. Subject to Court approval, the Settlement Administrator shall be chosen jointly by the parties, acting through their counsel.

j.  Funding of the Total Settlement Fund and Employer Tax Payments by Defendant: It is understood and agreed by the parties that the Settlement Administrator shall be responsible for paying the settlement awards to Qualifying Class Members, and for paying the Employer Tax Payments to the applicable taxing authorities, from an account to be established for these purposes by the Settlement Administrator and funded by Defendant. No later than ten (10) business days after the Effective Date, Defendant shall wire to the account established by the Settlement Administrator (i) the amount of the Total Settlement Fund, and (ii) the total amount of the Employer Tax Payments as calculated by the Settlement Administrator.

k.  Request for Exclusion: Under the schedule set forth below, each Class Member shall be sent a "Notice Packet" containing a Notice of Pendency of Class Action and Proposed Settlement. In order to be a Qualifying Class Member

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

entitled to receive a settlement award, a Class Member must not opt out. In order to exclude him/herself from the Settlement Class, a Class Member must mail or deliver a written, signed statement requesting exclusion so that it is received by the Settlement Administrator no later than forty-five (45) days after the date that the Settlement Administrator mails the Notice Packets to all Class Members. Among other information, the Notice of Pendency of Class Action and Proposed Settlement will inform Class Members of the required procedures and deadlines for submitting requests for exclusion. A Class Member who submits a valid and timely request for exclusion will not participate in or be bound by the Settlement and the Judgment. A Class Member who does not submit a timely and valid written exclusion request from the Settlement in the manner and by the deadline specified above will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court, and by the Judgment.

l. Right to Object: The Notice of Pendency of Class Action and Proposed Settlement will also notify the Class Members that any objection to the settlement must be mailed or delivered to the Settlement Administrator so that it is received no later than forty-five (45) days after the Settlement Administrator mails out the Notice Packet to all Class Members, and provide the specific procedure that must be followed to submit an objection in writing. No class member may object orally at the final fairness hearing unless he or she has timely filed a proper objection in writing. If a Class Member opts out of the Settlement s/he has no right to object to it.

m. Payment of Service Payments to Class Representative: Defendant will pay the service payments approved by the Court to Plaintiff Susan Montegna on the same date Class Counsel are paid their attorneys' fees and costs.

n. Right to Rescission by Defendant: If more than ten percent (10%) of the Class Members opt out of the settlement by submitting valid and timely requests for exclusion, Defendant has the right in its sole discretion to rescind and void the

parties' Settlement by giving written notice to Class Counsel at least ten (10) business days prior to the final approval hearing.

o.     In addition, and subject to the obligation(s) of Mutual Full Cooperation set forth below, either Party may terminate this Settlement if the Court declines to enter the Preliminary Approval Order, the Final Approval Order or final judgment in substantially the form submitted by the Parties, or the Stipulation of Settlement as agreed does not become final because of appellate court action. The terminating Party shall give to the other Party (through its counsel) written notice of its decision to terminate no later than twenty (20) days after receiving notice that one of the above-listed events has occurred. Termination shall have the following effects:

i.     The Settlement Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms.

ii.     In the event the Settlement is terminated, Defendant shall have no obligation to make any payments to any party, class member or attorney, except that Defendant shall pay the Settlement Administrator for services rendered up to the date the Settlement Administrator is notified that the Settlement has been terminated.

iii.     The Preliminary Approval Order, Final Approval Order and Judgment, including any order of class certification, shall be vacated.

iv.     The Stipulation of Settlement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Lawsuit prior to the settlement.

v.     Except as otherwise discoverable, neither this Stipulated Settlement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated

JOINT STIPULATION OF SETTLEMENT

CASE NO. 09-04022 (JSW)

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

with the mediation) shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever.

## CLAIMS ADMINISTRATION

15.     The Settlement Administrator will send out the Notice Packets to the Class Members. The Settlement Administrator will independently review Defendant's information provided to the Settlement Administrator as to the number of workweeks worked by the Class Members during the Class Periods and their salaries and will calculate the amounts due to Class Members in accordance with this Stipulation of Settlement.  The Settlement Administrator shall report, in summary or narrative form, the substance of its findings.  The Settlement Administrator shall be granted reasonable access to Defendant's records in order to perform its duties, if the Settlement Administrator submits a written request to review Defendant's records to Defendant's counsel.  Defendant shall comply with all such written requests within five days.  All disputes relating to the Settlement Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.  Class Counsel shall be given access to information to be able to verify and monitor the proper administration and carrying out of the terms of this Settlement.  Class Counsel will not be provided with social security numbers for the Class Members except upon a Court Order based on a showing of good cause.

## ATTORNEYS' FEES AND COSTS

16.     In consideration for settling this matter and in exchange for the release of all claims by the Settlement Class, and subject to final approval and/or modification by the Court, Defendant does not object to the payment to Class Counsel of attorneys' fees up to 25% of the Total Settlement Payment, which fees would be $350,000. The attorneys' fees are to compensate Class Counsel for all the work already performed in this case, and all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, and obtaining dismissal of the Settlement Class claims with prejudice.  In addition, Class Counsel may seek up to $15,000 in

15

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1  costs for cost incurred in prosecuting these claims. Should Class Counsel request a lesser amount

2  and/or the Court approve a lesser amount of attorneys' fees and/or costs and expenses, the

3  difference shall be added to the Net Settlement Fund apportioned for payment to the Settlement

4  Class and distributed to the Class Members accordingly. The attorneys' fees and costs approved

5  by the Court shall be paid to Class Counsel within ten (10) days of the Effective Date. This

6  means, for example, that if final approval is granted, and there are no objections, that the fees will

7  be paid 40 days after final approval is granted.

8  ## NOTICE TO THE CLASS

9       17.    A Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for

10  Final Court Approval ("Notice of Pendency of Class Action and Proposed Settlement") in

11  essentially the form attached hereto as Exhibit "A," and as approved by the Court, shall be sent

12  by the Settlement Administrator to the Class Members, by first class mail. Any returned

13  envelopes from this mailing with forwarding addresses will be utilized by the Settlement

14  Administrator to forward the Notice to the Class Members.

15       a.    Within seven (7) business days of the preliminary approval of this

16  Settlement Agreement, Defendant shall provide to the Settlement Administrator

17  information containing the name, last known address and social security number

18  of each Class Member, and the date when the Class Member became a Salon

19  Manager and the end date of when the Class Member stopped being a Salon

20  Manager, or if the Class Member is still a Salon Manager, a statement to that

21  effect. This database information shall be provided in a format that is compatible

22  with the Settlement Administrator. Defendant agrees to consult with the

23  Settlement Administrator prior to the production date to ensure that the format will

24  be compatible with the Settlement Administrator. The Settlement Administrator

25  will run a check of the Class Members' addresses against those on file with the

26  U.S. Postal Service's National Change of Address List; this check will be

27  performed only once per Class Member by the Settlement Administrator. Within

28  twenty (20) calendar days of the granting of Preliminary Approval, the Settlement

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

Administrator will mail the Notice to the Class Members and transmit copies of the updated database to Class Counsel and defense counsel.

b.  Notices returned to the Settlement Administrator as non-delivered during the forty-five day period for the filing of opt-outs or objections shall be resent within five (5) days to the forwarding address, if any, on the returned envelope. For Class Members whose Notice is returned as undeliverable and who are currently employed by Defendant, Defendant shall request such individual to provide an updated address and forward such addresses to the Settlement Administrator for remailing. If there is no updated or forwarding address provided, or for Class Members who are former employees, the Settlement Administrator may do a computer search for a new address using the Class Member's social security number; this search need only be performed once per Class Member by the Settlement Administrator. Upon completion of these steps by the Settlement Administrator, Defendant shall be deemed to have satisfied their obligation to provide the Notice of Pendency of Class Action and Settlement to the affected member of the Settlement Class. The affected member of the Settlement Class shall remain a member of the Settlement Class and shall be bound by all the terms of the Stipulation of Settlement and the Court's Order and Final Judgment.

c.  The Settlement Administrator shall provide to Class Counsel for filing with the Court, at least ten (10) days prior to the final approval hearing, a declaration by the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Notice of Pendency of Class Action and Proposed Settlement.

### CLAIMS PROCESS

18.  No opt out request will be honored if late received, unless good cause exists for the late filing, or counsel for Defendant and Class Counsel mutually agree to accept the late opt out notice.

19.     The Settlement Administrator will certify jointly to Class Counsel and Defendant's Counsel any opt outs that were timely filed.  Upon completion of its calculation of payments, and at least seven (7) business days prior to the final approval hearing, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a report listing the amount of all payments to be made to each Class Member and the amounts of the Employer's Tax Payments.

20.     The Settlement Administrator shall thereafter be responsible for issuing and mailing the settlement checks and IRS Forms as required by this Settlement Agreement to Class Members.  Those settlement checks will be mailed by the Settlement Administrator within ten days after the Settlement Administrator receives payment from the Defendant within the time set forth above (which is within ten (10) business days of the Effective Date).  Proof of payment will be filed with the Court by the Class Counsel after it receives notice from the Settlement Administrator that the payments have been mailed.  Settlement award checks shall remain valid and negotiable for ninety (90) days from the date of their issuance.

21.     Should there remain any residual from the Net Settlement Fund after all payments are made under this Settlement Agreement (for example, if any settlement checks are not cashed within 90 calendar days after mailing), and at such time as the Settlement Administrator has determined when its liability, and the liability of the Fund, for tax or other obligations has been fully satisfied, and that the Fund may be terminated, and if the residual amount exceeds $50,000, the Settlement Administrator shall proceed with a second distribution to the Settlement Class, barring some good cause not to.  If the residual amount is less than $50,000, it shall be donated to the Bar Association of San Francisco Pro Bono and Community Service Committee, or such other charitable organization approved by the Court (the "*Cy Pres* Beneficiary").  Likewise, any checks from the second distribution that go uncashed will be paid to the *Cy Pres* Beneficiary.  Any funds allocated for payment of the Settlement Administrator that were not used for that purpose and that were not ascertained in time to be included in settlement awards to Qualifying Class Members as provided above shall likewise be paid to the *Cy Pres* Beneficiary.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

JOINT STIPULATION OF SETTLEMENT

CASE NO. 09-04022 (JSW)

**RELEASE BY THE CLASS**

22.

a.     Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and each member of the Class who has not submitted a valid request for exclusion, fully releases and discharges Defendant, its present and former parent companies, owners, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant or any of them, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action for, damages due to an alleged failure to pay overtime (including the straight time component of any claimed overtime hours), timely pay wages, provide meal periods, pay a premium for missed meal periods, failure to provide compliant wage statements, or any other claims that could have been brought based on the allegations in the First Amended Complaint, including, but not limited to claims for any alleged violation of California Code of Regulations Title 8, sections 11040, California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 558, 1174, 1174.5, and a claim for penalties due to an alleged violation of said Labor Code sections, including but not limited to any claims under the Private Attorney General Act (Labor Code section 2699 et seq.), and a release of unfair business claims brought pursuant to the Business and Professions Code based on alleged violations of the above mentioned Labor Code sections and Regulations, as well as a release of all claimed attorneys' fees and costs arising out of such claims, from July 28, 2005 up to March 27, 2009; the date when Defendant reclassified its Salon Managers as non-exempt employees. This release is limited to claims arising from employment as a Salon Manager. This release does not apply to claims other than those arising out of time worked

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

19

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

during the class period as a salon manager.  This release does not apply to claims for General Managers or to claims not pled in the First Amended Complaint or arising out of facts pled in the First Amended Complaint.

b.      Claims not released are those not plead in the First Amended Complaint or which could not be brought based on the facts alleged in the First Amended Complaint and there is no Civil Code section 1542 waiver except with respect to named Plaintiff Susan Montegna.  Susan Montegna agrees to provide a Civil Code Section 1542 waiver with respect to any claims that she may have against Defendant.  In addition, no Class Member releases any claims arising while employed by Defendant in a job position other than Salon Manager.

c.      Plaintiff Susan Montegna hereby agrees that all rights under section 1542 of the Civil Code of the State of California are hereby waived by her.  Section 1542 provides as follows:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  As such, Susan Montegna understands and agrees that she is providing Defendant with a full and complete release of any and all claims, known or unknown, that she may have against Defendant in consideration of her service payment.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

23.     The parties shall promptly submit this Stipulation of Settlement to the Honorable Jeffrey S. White of the United States District Court, Northern District of California in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Stipulation of Settlement, the parties shall apply to the Court for the entry of an order which shall include:

a.      Scheduling a final approval hearing as soon as practicable with the Court's calendar ninety (90) days after preliminary approval is granted by the Court, on the question of whether the proposed Settlement, including payment of attorneys'

1  fees and costs, and the Class Representative's service payment, should be finally

2  approved as fair, reasonable and adequate as to the members of the Settlement

3  Class;

4       b.    Certifying a Salon Manager Settlement Class, with Plaintiff Susan

5  Montegna as the class representative, and the law firm listed in paragraph four as

6  Class Counsel;

7       c.    Dismissing the individual claims of named Plaintiff Eunice Lee, as well as

8  the class allegations on behalf of Ulta General Managers without prejudice.

9       d.    Approving as to form and content the proposed Notice of Pendency of

10  Class Action and Proposed Settlement;

11       e.    Approving as to the process by which Class Members may seek exclusion;

12       f.    Directing the mailing of the Notice of Pendency of Class Action and

13  Proposed Settlement by first class mail to the Class Members;

14       g.    Preliminarily approving the Settlement subject only to the objections of

15  Class Members and final review by the Court; and

16       h.    Enjoining all Settlement Class Members from filing or prosecuting any

17  claims, suits or administrative proceedings (including filing claims with the

18  California Division of Labor Standards Enforcement and LWDA) unless and until

19  such Class Members have filed valid Exclusion requests with the Settlement

20  Administrator.

21      24.    Prior to the final approval hearing, Class Counsel will prepare and, after review

22  and approval by Defendant, submit to the Court a proposed final order and judgment of

23  dismissal, including:

24       a.    Approving the Settlement, adjudging the terms thereof to be fair,

25  reasonable and adequate, and directing consummation of its terms and provisions;

26       b.    Approving Class Counsel's application for an award of attorneys' fees and

27  reimbursement of costs;

28       c.    Approving the service payment to the Class Representative, Susan

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

Montegna; and

d.      Dismissing the entire action with prejudice as to the Settlement Class and permanently barring and enjoining all members of the Settlement Class of Salon Managers from prosecuting against Defendant, its present or former parent companies, including but not limited to, subsidiaries, related or affiliated companies, owners, shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns, and any individual or entity which could be jointly liable with Defendant or any of them, any individual or class or collective claims released herein pursuant to Paragraph 22 above subject to the Court's jurisdiction over the implementation and carrying out of the settlement agreement.

## PARTIES' AUTHORITY

25.     The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the parties hereto to the terms and conditions thereof.

## MUTUAL FULL COOPERATION

26      The parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement. The parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

27.     Defendant and its counsel agree that they will not attempt to encourage or discourage Class Members from seeking exclusion. Defendant will take no action in retaliation against any employee who asserts any rights in connection with this case. Defendant will not initiate contact or communication with Class Members about this case. However, if Defendant is asked a question about the settlement by a Class Member, Defendant may tell the Class Member

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

that participating is their choice, that retaliation will not occur if they choose to participate, and that if they have any other questions they should follow the process explained in the notice of settlement.  Apart from this, Defendant shall not say any more than is necessary to answer the Class Member's specific question and shall not offer any opinions about the case or make any statements to suggest in any way that there may be a benefit or advantage to opting out. Plaintiffs and Class Counsel agree they will not attempt to encourage or discourage Class Members from seeking exclusion.  It is understood, however, that Class Counsel may provide legal advice and counsel to Class Members who seek such advice from them and may provide appropriate information to Class Members concerning their rights and the factors underlying the claims in this case and the Settlement.

## NO PRIOR ASSIGNMENTS

28.     The parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

29.     Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of them.  Each of the parties hereto has entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  In the event the Court does not give final approval to the settlement, this stipulation and any documents submitted to the Court by either party in support of this settlement shall have no force and effect and may not be used by either party for any purposes not connected with this settlement, such as opposing or supporting a contested motion for class certification, but such exclusion shall not include any appeal from the grant or denial of approval of the settlement.

## ENFORCEMENT ACTIONS

30.     In the event that one or more of the parties to this Stipulation of Settlement

institutes any legal action or other proceeding against any other party or parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions and interest at the legal rate in the event the action is to enforce payment obligations.

## NOTICES

31.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and the Settlement Class:

> John T. Mullan, Esq.
> Rudy, Exelrod, Zieff & Lowe, LLP
> 351 California Street, Suite 700
> San Francisco, CA 94104
> Telephone: (415) 434-9800
> Facsimile: (415) 434-0513

To the Defendant:

> John Kloosterman, Esq.
> Littler Mendelson
> 650 California Street, 20th Floor
> San Francisco, CA 94108-2693
> Telephone: 415.677.3128
> Facsimile: 415.743.6581

## CONSTRUCTION

32.     The parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the parties, and this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

33.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

34.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the parties hereto, and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties hereto.

## INTEGRATION CLAUSE

35.     This Stipulation of Settlement contains the entire agreement between the parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

36.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## CLASS COUNSEL SIGNATORIES

37.     It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each member of the Class execute this Stipulation of Settlement. The Notice of Pendency of Class Action and Proposed Settlement, Exhibit "A" hereto, will advise all Class Members of the binding nature and scope of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Class.

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

## COUNTERPARTS

38.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all parties. Faxed and emailed signatures shall be deemed as effective as original signatures and copies

**Class Representative**

Dated: _7-21-_, 2010                PLAINTIFF SUSAN MONTEGNA

                                     By: _Susan G. Montegna_
                                         Susan Montegna

**Defendant**

Dated: _7/22_, 2010                 DEFENDANT ULTA SALON, COSMETICS &
                                     FRAGRANCE, INC

                                     By: _Robert Gutman_

**Class Counsel**

Dated: _____, 2010             Rudy, Exelrod, Zieff & Lowe, LLP

                                     By: _____
                                         John Mullan
                                         Attorneys for Plaintiffs

**Defendant's Counsel**

Dated: _7/22_, 2010                 LITTLER MENDELSON

                                     By: _____
                                         John Kloosterman
                                         Attorneys for Defendant

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

**COUNTERPARTS**

38.     This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all parties.  Faxed and emailed signatures shall be deemed as effective as original signatures and copies.

**<u>Class Representative</u>**

Dated: _____, 2010                    PLAINTIFF SUSAN MONTEGNA

                                             By: _____
                                                     Susan Montegna

**<u>Defendant</u>**

Dated: _____, 2010                    DEFENDANT ULTA SALON, COSMETICS &
                                             FRAGRANCE, INC

                                             By: _____

**<u>Class Counsel</u>**

Dated: __7 - 21__, 2010                      Rudy, Exelrod, Zieff & Lowe, LLP

                                             By: _____
                                                     John Mullan
                                                     Attorneys for Plaintiffs

**<u>Defendant's Counsel</u>**

Dated: _____, 2010                    LITTLER MENDELSON

                                             By: _____
                                                     John Kloosterman
                                                     Attorneys for Defendant

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

JOINT STIPULATION OF SETTLEMENT
                                                     CASE NO. 09-04022 (JSW)

# EXHIBIT A

STEVEN G. ZIEFF (State Bar No. 84222)
KENNETH J. SUGARMAN (State Bar No. 195059)
JOHN T. MULLAN (State Bar No. 221149)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513
sgz@rezlaw.com
kjs@rezlaw.com
jtm@rezlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| EUNICE LEE, and SUSAN MONTEGNA, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.<br><br>            Defendant.<br><br>_____ / | Case No. 09-04022 (JSW)<br><br>**CLASS ACTION**<br><br>**NOTICE OF (1) PENDENCY OF PUTATIVE CLASS ACTION FOR PURPOSES OF SETTLEMENT; (2) PROPOSED SETTLEMENT OF CLASS ACTION; AND (3) HEARING ON PROPOSED SETTLEMENT**<br><br>Before: Honorable Jeffrey S. White<br><br>Complaint Filed: July 28, 2009 |

**NOTICE OF CLASS ACTION SETTLEMENT**

**TO:    ALL SALON MANAGERS EMPLOYED BY ULTA SALONS, COSMETICS & FRAGRANCE, INC. IN CALIFORNIA DURING THE PERIOD FROM JULY 28, 2005 TO MARCH 27, 2009.**

**RE:    SETTLEMENT OF CLAIMS FOR UNPAID OVERTIME COMPENSATION, MISSED MEAL BREAKS, AND ALL RELATED CLAIMS FOR RELIEF.**

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

*PLEASE READ THIS NOTICE CAREFULLY*

*IT MAY AFFECT YOUR LEGAL RIGHTS*

## I.   INTRODUCTION

You may be a "class member" who is entitled to receive money under the preliminarily approved settlement ("Settlement") in the above-captioned action for unpaid overtime wages, interest, and penalties.  In order to understand your potential right to participate in, exclude yourself from, or object to the Settlement, you should read this Notice carefully.  You may be entitled to thousands of dollars under the terms of this Class Action Settlement.  The actual amounts paid to individual class members will vary, and be higher or lower, according to: (a) the class member's length of employment as An Ulta Salon Manager during the "Class Period" (July 28, 2005 to March 27, 2009), and (b) the average of the class member's starting and ending salary as a Salon Manager during the Class Period.

THIS NOTICE IS TO INFORM YOU ABOUT:
- THE STATUS OF THE LAWSUIT;
- YOUR RIGHTS WITH RESPECT TO THE PROPOSED SETTLEMENT;
- THE METHOD THAT WILL BE USED TO CALCULATE YOUR PAYOUT FROM THE SETTLEMENT FUND;
- YOUR OPPORTUNITY TO OPT OUT OF THIS SETTLEMENT; AND
- YOUR OPPORTUNITY TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT

## II.   BACKGROUND OF LAWSUIT AND SETTLEMENT

On or about July 28, 2009, Plaintiffs filed a proposed Class Action Complaint in the San Mateo County Superior Court against Ulta on behalf of themselves and all other current and former employees similarly situated claiming that Ulta violated the California Labor Code and the California Business and Professions Code.  Plaintiffs later filed an amended version of their complaint. Ulta has filed an "answer" denying all of Plaintiffs' allegations, and Ulta continues to

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1   maintain that it has committed no unlawful or wrongful acts.

2       Plaintiffs allege that Ulta wrongly classified its California Salon Managers as "exempt"

3   from receiving overtime pay and unlawfully failed to pay them overtime wages on that basis. The

4   complaint seeks payment of unpaid overtime wages plus interest. The complaint also alleges that

5   additional wages are due because Salon Managers regularly worked more than five hours in a

6   workday without being provided a meal period of at least thirty minutes during which they were

7   relieved of all duty; that damages are due because Ulta failed to provide Salon Managers with

8   regular itemized written statements showing, among other things, total hours worked, all

9   applicable hourly rates during the pay period, and the corresponding number of hours worked at

10  each rate by the employee; and that penalties are due for non-payment of any overtime wages due

11  to Salon Managers at the time they separated from their employment (known as "waiting time

12  penalties"). The complaint also seeks certain other penalties available under the Labor Code, as

13  well as reasonable attorney's fees and reimbursement of the costs of litigation.

14      Ulta denies all of Plaintiffs' claims and has raised various factual and legal defenses to

15  those claims, and has agreed to the proposed Settlement without any admission of wrongdoing.

16  For example, Ulta pleads as affirmative defenses that its California Salon Managers were

17  lawfully and properly classified and paid as being exempt from overtime pay; that Ulta has paid

18  Salon Managers all the wages due to them; and that any violation committed by Ulta, which Ulta

19  denies, was committed in good faith, so that no penalties are warranted. Ulta also denied any

20  liability for attorney's fees or costs.

21      **The Court has not made a determination about any of the contentions of the parties.**

22  **This Notice is not to be understood as an expression of any opinion by the Court as to the**

23  **merits of the claims or defenses asserted by either side.**

24      Even though the parties disagree, they have agreed to settle this case to resolve the class

25  action claim and a proposed settlement ("Settlement") of the proposed class action claims in the

26  above-captioned lawsuit for overtime compensation has been reached by the parties in this case.

27  Judge Jeffrey S. White of the U.S. District Court, Northern District of California has

28  conditionally certified a settlement class of Salon Managers and granted preliminary approval of

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

the Settlement. The action has been certified solely for the purpose of Plaintiffs' proposed settlement with Ulta and for no other purpose. In the event the Settlement is not finally approved by the Court, the Court's order certifying the class for settlement purposes only will be vacated.

The proposed Settlement will resolve all of the claims against Ulta Salons, Cosmetics & Fragrance, Inc. ("Ulta") for overtime compensation, meal periods not provided, interest and penalties that were made in this lawsuit on behalf of Salon Managers as more fully described hereinafter in the section entitled "Dismissal of Case and Release of Claims." A hearing will be held on **[HEARING DATE]**, at **[HEARING TIME]**, before the Honorable Jeffrey S. White of the U.S. District Court, Northern District of California, 450 Golden Gate Ave., Courtroom 11, San Francisco, CA 94102, to determine whether the proposed Settlement of claims against Ulta is fair and reasonable and should be finally approved.

If the Court does not approve the Settlement, Plaintiffs and Ulta have the right to withdraw from the settlement and continue litigating as if no settlement had been reached and no settlement class had been certified.

If you worked for Ulta as a California employee holding the position of Salon Manager during the period from July 28, 2005 to March 27, 2009, you are entitled to receive a Settlement Share – *i.e.,* a share of the "Net Settlement Fund" created by the Settlement – unless you "opt out" of the Settlement, as described below. **Please note**: if you do not timely and properly opt out of the Settlement, you will be bound by the terms of the Settlement and the final judgment entered in this action, even if you file objections to the Settlement.

### III.   WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many similarly situated people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit seeking to assert claims on behalf of the entire class. If appropriate to the circumstances of the case, the judge decides to "certify" the case as a class action, which means that all class members' claims will be decided together. Plaintiffs believe that by resolving many people's common claims simultaneously, the class action mechanism provides efficiency and allows individuals who may not be able to find or afford an

attorney to assert their claims in court. In this case, the Court has certified this class action for settlement purposes.

### IV.    WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Jeffrey S. White of the U.S. District Court, Northern District of California has ordered that this Notice be sent to you because, according to Ulta's records, you appear to be a class member; that is, you were employed by Ulta in California in the position of Salon Manager at some point between July 28, 2005 and March 27, 2009. The purpose of this Notice is to inform you of the proposed Settlement and of your rights under it, including:

- To inform you that you may be entitled to money from the Settlement;
- To inform you of the information upon which your Settlement Share will be based;
- To inform you that if you do not "opt out" of the Settlement Class you will be bound by the terms of the Settlement, meaning that you will release your right to sue Ulta for overtime wages and other claims during the time you were a class member;
- To inform you of your right to opt out of the Settlement Classes, and thereby not be bound by the Settlement and Court judgment in this matter;
- To inform you of your right to file objections to the Settlement.

### V.    WHAT ARE THE TERMS OF THE SETTLEMENT?

The parties have agreed to settle this matter for a "Total Settlement Payment" by Ulta of $1,400,000. In addition, Ulta will also pay the employer's usual share of payroll taxes (for example, Social Security and Medicare) on those payments to class members that are determined to be for unpaid wages (as opposed to interest or penalties). Ulta is paying its share of tax only on amounts determined to be wages, and is not paying the employee's income tax.

Subject to final Court approval, the following expenses will be deducted from the $1,400,000 Settlement Payment prior to distribution of the remaining "Net Settlement Fund" monies (estimated to be approximately $988,750) to Settlement Class Members who do not timely opt-out of the Settlement Class:

- Settlement Administration Fees: Approximately $20,000 of the Settlement Payment will be used to pay a "Settlement Administrator" for its services and costs in

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

administering the Settlement.

● **Service Payment to the Class Representative:** Class Representative Susan Montegna will receive up to $7,500 from the $1,400,000 Total Settlement Payment. This payment is made because the Class Representative provided many hours of service to the Settlement Class, and in addition to the Settlement Shares she is eligible to receive in her capacity as a class member.

● $18,750 is required by law to be paid to the California Labor and Workforce Development Agency, representing 75% of the amount of the Total Settlement Payment that is for settlement of claims brought under the Labor Code Private Attorneys General Act.

● **Attorney's Fees and Costs:** Plaintiffs' attorneys ("Class Counsel") will apply to the Court for attorney's fees in the amount of 25% of the Total Settlement Payment, for a total of $350,000, and reimbursement of up to $15,000 in costs incurred by Class Counsel in pursuing the claims on behalf of the Settlement Class.

Please note that none of the $1,400,000 Settlement Payment will be returned to Ulta. Thus, a decision to opt out of the Settlement will *not* reduce the amount of the Settlement Payment Ulta makes. Ulta does not oppose your participation in the Settlement.

A.  **Dismissal of the Case and Release of Claims**

In exchange for making the Total Settlement Payment and tax payments as set forth above, Ulta will be entitled to have the Salon Managers' claims dismissed with prejudice (meaning the claims will not be considered any further and cannot be re-asserted), and will obtain a release of the claims brought in this action on behalf of all Settlement Class Members, meaning no one covered by the release can bring any action against Ulta for any claims covered by the release.

The exact scope of the Release in the Settlement Agreement is as follows: any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action for, damages due to an alleged failure to pay overtime (including the straight time component of any claimed overtime hours), timely pay wages,

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

provide meal periods, pay a premium for missed meal periods, failure to provide compliant wage statements, or any other claims that could have been brought based on the allegations in the First Amended Complaint, including, but not limited to claims for any alleged violation of California Code of Regulations Title 8, sections 11040, California Labor Code sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 558, 1174, 1174.5, and a claim for penalties due to an alleged violation of said Labor Code sections, including but not limited to any claims under the Private Attorney General Act (Labor Code section 2699 et seq.), and a release of unfair business claims brought pursuant to the Business and Professions Code based on alleged violations of the above mentioned Labor Code sections and Regulations, as well as a release of all claimed attorneys' fees and costs arising out of such claims, from July 28, 2005 up to March 27, 2009; the date when Defendant reclassified its Salon Managers as non-exempt employees. **This release is limited to claims arising from employment as a Salon Manager.**

Individuals who opt out of the Settlement Class will not release any claims they may have against Ulta, but such claims will no longer be part of this lawsuit, and the applicable statute of limitations will begin to run again on any claims that were formerly covered by this lawsuit. The release is on behalf of Settlement Class Members, and also on behalf of their heirs, beneficiaries, successors and assigns with respect to the released claims arising out of work as a Salon Manager described in this paragraph.

**VI.    ARE YOU A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT?**

You are a class member if Ulta's records identify you as having been classified as a Salon Manager as described above at any time from July 28, 2005 to March 27, 2009; the date when Defendant reclassified its Salon Managers as non-exempt employees entitled to overtime pay.

**VII.    WHAT ARE YOUR OPTIONS?**

You have several options. In order to protect your rights, it is very important that you read this section carefully.

**A.    You Can Choose to Recover Money as a Settlement Class Member**

If you wish to recover a Settlement Share in this action, you need not do anything more. You will receive a Settlement Share in an amount calculated by the Settlement Administrator in

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

accordance with the formula for calculating Settlement Shares set forth in the Settlement, and based on the information from Ulta' records regarding your dates of employment as a Salon Manager during the Class Period, and your salary while employed in that position.  Please note that if you do not "opt out" as discussed below, you will be included as a Settlement Class Member, and you will still release your right to sue Ulta for the claims asserted in this matter, assuming the Court grants final approval to the Settlement.

**B.      You Have a Right To Decide For Yourself Whether Or Not To Participate In The Settlement: If You Choose Not To Be Bound By The Settlement And, Thus, Give Up Your Right to Monetary Benefits Under This Settlement, You May Opt Out**

*While Ulta does not admit liability, Ulta also does not oppose your participation in this settlement. In fact, Ulta has voluntarily agreed to this settlement and will pay the same settlement amount whether you opt out or not.*

If you do not wish to participate in the Settlement, you must submit a written request to exclude yourself from the Settlement. If you "opt out" of the Settlement, you will not be part of the Settlement Class, you will not receive any money, you will not release any claims, you will not be bound by the Settlement, and you will not be able to object to the Settlement.

To be valid, your opt-out request must contain your printed name and signature, as well as your address and telephone number, and must state that you wish to be excluded from the proposed Settlement in Eunice Lee and Susan Montegna  v. Ulta Salons, Cosmetics & Fragrance, Inc., Case No. 09-04022, Northern District of California. Your opt-out request must be sent to the Settlement Administrator at the address listed below.

If you wish to opt out, your opt-out request must be mailed or hand-delivered so that it is received by the Claims Administrator no later than [45 days after mailing of notice or next business day if 45th day is not a business day]. A class member who does not timely return proper and complete opt-out requests will not be considered to have opted out, and will be bound by all terms and conditions of the Settlement, even if he or she objects to the Settlement.

**C.      You Can Object To The Settlement**

If you do not opt out of the Settlement, you may object to the terms of the Settlement

NOTICE OF CLASS ACTION SETTLEMENT

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1  before the final approval hearing, either by filing a written objection with the Court, or by filing a

2  notice of your intent to appear and object at the final approval hearing. If the Court rejects your

3  objection, you still will be bound by the terms of the Settlement. If you opt out, you cannot make

4  an objection to the settlement.

5  To object, you must send a written notice of your objection, or a written notice of your

6  intent to appear and object at the final approval hearing, to the Settlement Administrator at the

7  address listed below. DO NOT TELEPHONE THE COURT.

8  Any written objections and/or notice of your intent to appear at the final approval hearing

9  must state each specific reason for your objection and any legal and factual support you have for

10  each objection. Your written objection and/or notice of your intent to appear at the final approval

11  hearing must also state your full name, address, telephone number, date of birth, and the dates of

12  your employment as a Salon Manager at Ulta.

13  To be valid and effective, any written objections and/or notices of intent to appear at the

14  hearing must be mailed or hand-delivered to the Settlement Administrator at the address listed

15  below so that they are received no later than [45 days after mailing of notice or next business day

16  if 45th day is not a business day]. A class member who fails to timely file and serve a written

17  objection in the manner described above by the specified deadline will be deemed to have waived

18  any objections and will be foreclosed from making any objection (whether by appeal or

19  otherwise) to the Settlement and will not be allowed to appear before the Court at the final

20  approval hearing, absent specific approval by the Court.

21  **You may still participate in the Settlement even if you have objections to the**

22  **Settlement**. Even though you may have objections to the proposed Settlement, you will still

23  receive a Settlement Share in the event that the Court overrules any written objection(s) you

24  submit.

25  **D.     You May Comment In Favor Of the Settlement**

26  If you wish, you may comment in favor of the Settlement in writing in advance of the

27  final approval hearing, which will be held on [hearing date]. To do so, no later than 45 days after

28  mailing of notice, you must submit a written notice of your comments in favor of the Settlement,

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

which will be relayed to the Court at or before the final approval hearing, provided it is received in time. Your notice and comments should include your full name, address, phone number, date of birth, and dates of your employment as a Salon Manager at Ulta. Send your notice and comments to Class Counsel at the address listed below.

## VIII.   HOW WILL MY SETTLEMENT SHARE BE CALCULATED?

Each class member who does not opt out of the Settlement is known as a Settlement Class Member. Each Settlement Class Member who does not timely opt-out of the Settlement will receive a share of the approximately $988,750 of the Net Settlement Fund that is available to be distributed to Settlement Class Members.

The amount of the Net Settlement Fund less the $6,250 attributable to Labor Code Private Attorneys General Act claims (that is, $982,500) shall be distributed in its entirety to non-opt out Class Members as described below ("Qualifying Class Members"). Qualifying Class Members' shares of the Net Settlement Fund, shall be calculated *pro rata* based on (a) the total number of workweeks worked by Qualifying Class One Members as Salon Managers during the Class Period and (b) the Average Weekly Salary of Qualifying Class Members during their period of employment as Salon Managers during the Class Period. (The Average Weekly Salary shall be the average of the Qualifying Class One Member's weekly salary rate at the start of his or her employment as a Salon Manager during the Class Period and his or her weekly salary rate at the end of his or employment as a Salon Manager during the Class Period.)  For each Qualifying Class Member, the Settlement Administrator shall multiply the total number of workweeks worked by the Qualifying Class Member during the Class Period by the Qualifying Class Member's Average Weekly Salary to determine an "individual numerator" for the Qualifying Class Member.  The sum of all Qualifying Class Members' individual numerators shall constitute the "class denominator."  Each Qualifying Class Member's individual numerator will be divided by the class denominator to determine his or her *pro rata* share factor.  As an example, if a Qualifying Class Member has an "individual numerator" of 20,000 out of a class denominator of 1,000,000, then his or her *pro rata* share factor is 0.02 (that is, 20,000 divided by 1,000,000). His/her *pro rata* share of the Net Settlement Fund would then be determined by multiplying the

RUDY EXELROD ZIEFF & LOWE LLP

351 CALIFORNIA STREET, SUITE 700

SAN FRANCISCO, CALIFORNIA 94104

PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

Net Settlement Fund less the $6,250 attributable to Labor Code Private Attorneys General Act claims --- that is, $982,500 --- by 0.02.

In addition, those Qualifying Class Members who worked as Salon Managers between July 28, 2008 and the end of the Class Period will each receive an additional lump sum payment as their share of the $6,250 of the Net Settlement Fund which is attributable to Labor Code Private Attorneys General Act claims.  (Because the Labor Code Private Attorneys General Act provides for a one year statute of limitations, only those Class Members who worked in the Class Period within one year of the complaint in this action being filed are entitled to recover for their Private Attorneys General Act claims).  The individual lump sum payments will be determined by dividing the $6,250 by the total number of Qualifying Class Members who worked as Salon Managers during this Private Attorneys General Act Period.

If no class members opt out the average gross claim share distributed to class members will be approximately $19,014, subject to applicable payroll and income tax withholding.  This is just an average, however; the actual amounts that class members are eligible to receive will vary according to: (a) class members' length of employment as Salon Managers during the Class Period, (b) their starting and ending salaries as Salon Managers during the Class Period, and (c) whether or not they worked as a Salon Manager during the Private Attorneys General Act Period.

Fifty percent of the monies paid out to class members from the Net Settlement Fund are considered wages and will be subject to tax withholdings. The other fifty percent shall be considered payment for all other damages, including interest, penalties, and statutory attorney's fees and costs. To the extent necessary, an IRS Form W-2 will be issued to each class member reflecting the wage payment portion and a Form 1099 will be issued for all other damages and interest. Settlement awards will not entitle any class member to additional compensation or benefits under any bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any class member to any increased retirement, 401k benefits or matching benefits, or deferred compensation benefits.

The size of Settlement Shares will vary depending on how many class members choose to opt out. If a substantial number of class members are not eligible to receive Settlement Shares

because they have opted out, each Settlement Class Member's share will be proportionately larger. Other things being equal, the longer you worked as a Salon Manager during the Claims Period, and the more compensation you received during the Claims Period, the larger your Settlement Share may be.

## IX.    CHANGES OF ADDRESS

It is your responsibility and it is in your interest to keep a current address on file with the Settlement Administrator. Please make sure to notify the Settlement Administrator of any change of address.

## X.    ATTORNEYS' FEES AND COSTS

As their fee for services rendered on behalf of the Settlement Class, Class Counsel will ask the Court to award as attorney's fees a total of 25% of the $1,400,000 Total Settlement Payment, which amounts to $350,000. In addition to attorney's fees, Class Counsel will seek reimbursement of litigation costs and out-of pocket expenses that they have incurred since the beginning of this litigation in early 2009, which are not expected to exceed $15,000. The request for attorney's fees and costs will be reviewed by the Court under the governing legal principles and must be approved by the Court.

The requested fees amount reflects the hundreds of so far uncompensated hours Class Counsel have spent in pursuing this case on behalf of the Settlement Class Members without pay to date, the risks Class Counsel have taken that no fees would ever be recovered, and the success Class Counsel has achieved in obtaining a $1,400,000 Total Settlement Payment for the Settlement Class. The Court's approval of Class Counsel's request for fees and costs will not require Settlement Class Members to pay any fees, costs or expenses out of their own pockets.

## XI.    HEARING REGARDING THE SETTLEMENT

On **[HEARING DATE]**, at **[HEARING TIME]**, or as soon thereafter as practicable, the Honorable Jeffrey S. White, U.S. District Court Judge, will hold a hearing at the U.S. District Court, Northern District of California, 450 Golden Gate Ave., Courtroom 11, San Francisco, CA 94102, for the purpose of determining whether the proposed Settlement, including the methodology for distributing the Net Settlement Fund, and the award of a Service Payment to the

Class Representative, is fair, reasonable, and adequate and should be approved. The Court will also consider Class Counsel's application for fees and costs. The time and date of this hearing may be postponed, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

Any Settlement Class Member (or the attorney for any Settlement Class Member) may appear at the hearing to comment on or object to the Settlement, provided she or he has complied with the procedures described above.

## XII.   EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you may refer to the underlying documents and papers on file with the Court, in particular the Joint Stipulation of Settlement and Release that was filed with the Court as part of papers filed by Plaintiffs in support of the motion for preliminary approval of the Settlement on **[DATE OF PRELIMINARY APPROVAL FILING]**. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, 450 Golden Gate Ave., 16th Floor, San Francisco, CA 9410.

In addition, you may also contact Class Counsel or the Settlement Administrator for additional information as to this Settlement and the underlying Class Action (See Section XIII immediately below for Class Counsel's and the Settlement Administrator's contact information).

## XIII.   CONTACT INFORMATION

The Settlement Administrator is:

**Simpluris, Inc .**
CASE IDENTIFIER AND CONTACT PERSON
[ADDRESS 1]
[ADDRESS 2]

Class Counsel are:

STEVEN G. ZIEFF
JOHN T. MULLAN
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
(415) 434-9800
sgz@rezlaw.com
jtm@rezlaw.com

13

NOTICE OF CLASS ACTION SETTLEMENT

CASE NO. 09-04022 (JSW)

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

**If You Have Questions About This Settlement, Please Contact Either The Settlement Administrator Or Class Counsel.**

**Please Do Not Contact Ulta or Their Counsel.**
**Do Not Contact the Court by Telephone.**

Please remember the following deadlines:

Deadline for *Receipt* of Objection to the Settlement: [45 days after Notice mailing or next business day if 45th day is not a business day]

Deadline for *Receipt* of Request to Opt Out of the Settlement Class: [45 days after Notice mailing or next business day if 45th day is not a business day]

Dated: _____          _____
                                  Honorable Jeffrey S. White
                                  U.S. District Court,
                                  Northern District of California

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

14
NOTICE OF CLASS ACTION SETTLEMENT
CASE NO. 09-04022 (JSW)

# EXHIBIT 2

1   STEVEN G. ZIEFF (State Bar No. 84222)
    KENNETH J. SUGARMAN (State Bar No. 195059)
2   JOHN I. MULLAN (State Bar No. 221149)
    RUDY, EXELROD, ZIEFF & LOWE, LLP
3   351 California Street, Suite 700
    San Francisco, CA 94104
4   Telephone: (415) 434-9800
    Facsimile: (415) 434-0513
5   sgz@rezlaw.com
    kjs@rezlaw.com
6   jtm@rezlaw.com

7   Attorneys for Plaintiffs

8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11            SAN FRANCISCO / OAKLAND DIVISION

12

13  EUNICE LEE, and SUSAN MONTEGNA,        Case No. 09-04022 (JSW)
    individually and on behalf of all others
14  similarly situated,                    CLASS ACTION

15          Plaintiffs,

16        v.                               AMENDMENT TO JOINT
                                           STIPULATION OF SETTLEMENT
17  ULTA SALON, COSMETICS &                AND RELEASE
    FRAGRANCE, INC.
18                                         Before: Honorable Jeffrey S. White

19          Defendant.                /    Complaint Filed: July 28, 2009

20

21        This Amendment to the Joint Stipulation of Settlement and Release between Plaintiffs and

22  Defendant ("Joint Stipulation") is made and entered into by and between the parties to the

23  following case before the Honorable Jeffrey S. White of the United States District Court, Northern

24  District of California entitled Eunice Lee and Susan Montegna v. Ulta Salons, Cosmetics &

25  Fragrance, Inc., Case No. 09-04022 (JSW).

26        THE PARTIES STIPULATE AND AGREE as follows:

27        1.     Because it has come to light that the Class consists of 56 Salon Managers, rather

28  than 52 Salon Managers as initially thought, a total of $77,000 will be added to the Total Settlement

                                           1
    _____
                PLAINTIFFS' MOTION FOR FINAL APPROVAL
                                           CASE NO. 09-04022 (JSW)

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 64104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

1  Payment so the Total Settlement Payment payable by Defendant for purposes of this Class Action

2  Settlement is now $1,477,000.

3       2       Of this additional amount of $77,000, 100% ($77,000) will be allocated and added to

4  the Net Settlement Fund to be distributed to claiming class members. None of this amount will be

5  allocated and added to attorney's fees to be paid to Class Counsel, and none of this amount will be

6  paid to the California Labor and Workforce Development Agency as an additional amount for

7  PAGA claims. None of this amount or any other amount payable by Defendant under the Class

   Action Settlement Agreement in this case will revert to Defendant.

8

9       3       In all other respects, the terms of the Stipulation of Settlement and Release will

   remain the same

10

11  **Class Representative**

12  Dated: _11-1-10_, 2010                    PLAINTIFF SUSAN MONTEGNA

13                                            By: _Susan Montegna_

14                                                Susan Montegna

15

16  **Defendant**

17  Dated: _11/4_, 2010                       DEFENDANT ULTA SALON, COSMETICS &
                                              FRAGRANCE, INC.
18
                                              By: _____
19                                                Robert Guttman
                                                  SVP, Gen'l Counsel & Secy for Ulta
20  **Class Counsel**

21  Dated: _11-3_, 2010                       Rudy, Exelrod, Zieff & Lowe, LLP

22                                            By: _____

23                                                John Mullan
                                                  Attorneys for Plaintiffs
24

25  **Defendant's Counsel**

26  Dated: _11/4_, 2010                       LITTLER MENDELSON

27                                            By: _____

28                                                John Kloosterman
                                                  Attorneys for Defendant

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

2