STEVEN G. ZIEFF (State Bar No. 84222)
JOHN T. MULLAN (State Bar No. 221149)
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
sgz@rezlaw.com
jtm@rezlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| EUNICE LEE, and SUSAN MONTEGNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.<br><br>Defendant. | **Case No. 09-04022 (JSW)**<br><br>**CLASS ACTION**<br><br>**AMENDED [PROPOSED] ORDER UPON STIPULATION RE FURTHER PROCEEDINGS**<br><br>Before: Honorable Jeffrey S. White<br><br>Complaint Filed: July 28, 2009 |

The Court having considered the Stipulation between the parties for further proceedings in the matter above (the "Joint Application for Order Upon Stipulation re: Further Proceedings" (hereafter "Stipulation")), and the Joint Response to the Court's Order re: Joint Application for Order Upon Stipulation Re: Further Proceedings, and finding the parties' Stipulation to be fair and reasonable, and good cause existing therefore, the Court, pursuant to its continuing jurisdiction in this matter, HEREBY ORDERS:

1. Within ten calendar days of this Order being entered, Settlement Administrator, Simpluris, Inc. shall determine the individual payments to be made to the seven Salon Managers

Omitted from the Settlement Class. Such individual payments shall come from the Addendum Settlement Payment of $84,194, and shall be computed in accordance with the terms of the Settlement Agreement as previously approved by this Court;

2. Within fifteen calendar days of the Court entering this Order, the seven Salon Managers Omitted from the Settlement Class who have been identified by the parties shall be provided with a joint letter from the parties via Settlement Administrator, Simpluris, Inc., notifying them that they can receive a payment in exchange for a release of claims as specified in section III.5 in the parties' Stipulation. A copy of the joint letter is attached hereto as Exhibit A. The letter shall include the amount of the Salon Manager's individual settlement payment and shall attach the release provided in the Stipulation for their signature and return to Simpluris, Inc. The letter will explain to the recipient that if they wish to recover their share of the Addendum Settlement Payment, they will need to sign and return the enclosed release. The letter will also explain that if they do not wish to participate in the Settlement, then they simply do not return the signed release. Further, if they choose not to return the signed release, the letter will explain that: (1) they will not be part of the settlement; (2) they will not receive a share of the Addendum Settlement Payment; and (3) they will not release any claims and will not be bound by the release;

3. Within fifteen calendar days of the Court entering this Order, Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") shall pay the following amounts to Simpluris, Inc.: (1) the Addendum Settlement Payment of $84,194; (2) $900 for compensation to the Settlement Administrator, Simpluris, Inc., to administer the release mailing and additional payments to the seven Salon Managers Omitted from the Settlement Class; and (3) an amount of $21,000 to compensate Plaintiffs' Counsel for their additional work in facilitating settlement and payment to the seven Salon Managers Omitted from the Settlement Class. The Settlement Administrator will, in turn, make the individualized settlement payments to the seven Salon Managers Omitted from the Settlement Class upon return of their signed releases. Within five calendar days of receiving the payment from Ulta, Simpluris, Inc. will make the payment to Plaintiffs' Counsel for attorneys' fees and will pay itself for settlement administration;

///

4. Each of the seven Salon Managers Omitted from the Settlement Class who receives a settlement payment as described above, is subject to and bound by the release detailed in the Stipulation.

**IT IS SO ORDERED**.

Dated: May 5, 2011

*Jeffrey S. White*
Honorable Jeffrey S. White
United States District Judge

RUDY EXELROD ZIEFF & LOWE LLP
351 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104
PH (415) 434-9800 | FX (415) 434-0513 | www.rezlaw.com

3
AMENDED [PROPOSED] ORDER UPON STIPULATION RE FURTHER PROCEEDINGS
CASE NO. 09-04022 (JSW)

# EXHIBIT A

[DATE]

NAME
ADDRESS

      Re:    *Lee, et al. v. Ulta Salon, Cosmetics & Fragrance, Inc.*
             Our Case No. 6881.

Dear [NAME]:

      You are receiving this Court-approved joint letter because you have been identified as someone who should have been a "class member" and entitled to receive money under the court-approved settlement ("Settlement") in the above-captioned action on behalf of Ulta Salon Managers for unpaid overtime wages, interest, and penalties. However, it has recently come to light that because of a clerical error, you were omitted from the list of Class Members in the above-captioned action. Accordingly, as a result of the inadvertent omission of your name from the list, you neither received Class Notice of the Settlement Agreement in the above-captioned action, nor a share of the Settlement Fund. This letter from both parties in the above-captioned action explains a proposed addendum settlement that, if you choose to participate, will compensate you for your potential wage claims against Ulta.

      **Background of Case**

      Plaintiffs alleged that Ulta wrongly classified its California Salon Managers as "exempt" from receiving overtime pay and unlawfully failed to pay them overtime wages on that basis. The Complaint sought payment of unpaid overtime wages plus interest and related damages and penalties. Ulta denied all of Plaintiffs' claims and raised various factual and legal defenses to those claims, and agreed to the initial Settlement without any admission of wrongdoing. **The Court did not make a determination about any of the contentions of the parties.**

      Even though the parties disagreed, they agreed to settle the case to resolve the class action claim and a proposed settlement ("Settlement") of the proposed class action claims in the above-captioned lawsuit for overtime compensation was reached by the parties in this case. Ultimately, the Court gave final approval to the Class Settlement of $1,477,000, which after approved attorneys fees ($350,000, or 23.7% of the $1.477 million common fund) and costs (not to exceed $15,000), a class representative enhancement ($7,500), penalty payments to the State of California ($18,750) and costs of settlement administration (not to exceed $20,000), left a Net Settlement Fund of approximately $1,065,750 to be distributed to the then-identified Class

[NAME]
[DATE]
Page 2

Members. All of these amounts have been paid out pursuant to the terms of the settlement agreement and the Order of this Court finally approving the class action settlement. Each Class Member received a proportionate share of the net settlement payment based upon their salary and their weeks worked during the Class Period (that is, from July 28, 2005 to March 27, 2009).

### Addendum Settlement

As noted above, it has recently come to light that other individuals, including you, who occupied the position of "Salon Manager" in California during the Class Period, were inadvertently omitted through clerical error from the class lists provided by Ulta to Class Counsel and to the Settlement Administrator. The parties recognize and agree that you, along with the six other individuals who occupied the position of "Salon Manager" in California during the Class Period, should be provided an opportunity to receive a settlement payment computed in a manner that is consistent with the terms of the original Settlement Agreement as previously approved by this Court. Accordingly, Ulta has agreed to make an additional *pro rata* payment of $84,194 to compensate you and the six other individuals who occupied the position of "Salon Manager" in California during the Class Period, (the "Addendum Settlement Payment"). Should you choose to participate in this Addendum Settlement, your individual payment shall come from the Addendum Settlement Payment of $84,194, and shall be computed in accordance with the formula for calculating Settlement Shares set forth in the original Settlement, and which is based on the information from Ulta's records regarding your dates of employment as a Salon Manager during the Class Period, and your salary while employed in that position.

Your gross individual share of the Addendum Settlement Payment has been computed as [AMOUNT].

### Your Options

If you wish to recover your share of the Addendum Settlement in this action, you must sign the enclosed Release of Claims and return it to the Settlement Administrator using the enclosed return envelope. You will receive your Settlement Share in the gross amount referenced above.

If you do not wish to participate in the Settlement, then do not return the signed Release of Claims. If you choose not to return the signed Release of Claims: 1) you will not be part of the settlement; 2) you will not receive a share of the Addendum Settlement Payment; and 3) you will not release any claims against Ulta and will not be bound by the Release of Claims. Ulta has agreed that the statute of limitations on the claims at issue in the above-captioned action will be tolled (that is, will not run) until 30 days after the date of the mailing of this letter. If you choose not to participate in the Settlement and not to be bound by the Release of Claims, the statute of limitations on any claims you may have against Ulta for overtime wages, interest, and penalties arising from your employment as a Salon Manager will start running 30 days from the date of this letter.

\*      \*      \*

[NAME]
[DATE]
Page 3

If you have questions about the Addendum Settlement, including questions pertaining to the employment dates and/or the average weekly salary used to calculate your share, please contact Class Counsel.

Class Counsel are:

STEVEN G. ZIEFF
JOHN T. MULLAN
RUDY, EXELROD, ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
(415) 434-9800
sgz@rezlaw.com
jtm@rezlaw.com

Please do not Contact Ulta or their Counsel. Do not contact the Court by telephone.

Thank you for your attention to this matter.

Sincerely,

DATED: _____         RUDY, EXELROD, ZIEFF & LOWE, LLP


By: _/s/ John T. Mullan_
    JOHN T. MULLAN
    Attorneys for Plaintiffs


DATED: _____         LITTLER MENDELSON, P.C.


By: _/s/ John C. Kloosterman_
    JOHN C. KLOOSTERMAN
    Attorneys for Defendant ULTA SALON
    COSMETICS & FRAGRANCE, INC.